Case 1:25-cv-00167   Document 3   Filed on 08/08/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
August 08, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IDRIS A-R.,[1] § | |
|     Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:25-cv-167 |
| § | |
| KRISTI NOEM, *et al.*, § | |
| *in their official capacities,* § | |
|     Respondents. § | |

**ORDER SETTING RESPONSE AND A-FILE SUBMISSION DEADLINE**

On July 31, 2025, Petitioner Idris A-R. ("Idris") filed a Petition for Writ of Habeas Corpus alleging that he is unlawfully detained by federal immigration authorities and "[a]bsent this Court's intervention, he will continue to be subject to unreasonably prolonged detention." Dkt. No. 1, p. 2.

The United States Supreme Court has made clear that for purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate custodian of the petitioner who can produce the petitioner before the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court notes that the proper respondent is the custodial officer of the facility at which Idris is detained, here the Francisco Venegas as the Warden of El Valle Detention Facility in Raymondville, Texas. If Venegas is no longer the custodial officer for the El Valle Detention Facility, the Government shall inform the Court of who is the proper respondent.

The Clerk of Court is **DIRECTED** to serve via regular and certified mail a copy of the Petition and this Order upon Francisco Venegas at the El Valle Detention Facility at 1800 Industrial Drive in Raymondville, Texas 78580 and the United States Attorney for the Southern District of Texas, Nicholas Ganjei at 1000 Louisiana, Ste. 2300 in Houston, Texas 77002.

To facilitate further progress of this petition, it is **ORDERED** that Respondent shall file and serve an answer or other response to the Petition no **later than September 3, 2025** –

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner's last names using only the first initial.

responding to the allegations of the Petitioner. Respondent shall include a memorandum of law addressing each of the issues raised in the petition. Respondent shall include in his answer or other response: (1) a discussion of any and all custody-review determinations; (2) the status of Idris's removal period; (3) an explanation of any other Government action regarding Idris's continued detention and any available documentation regarding that detention, and (4) a timeframe for when Idris will be removed from the United States. All citations to the Immigration and Naturalization Act shall also reference to the appropriate section of the United States Code.

Respondent shall also file under seal – **no later than September 3, 2025** – a Bates stamped copy of Idris's A-file.

Respondent shall supplement the record with appropriate pleadings and advise the Court of any further custody-review determinations or any changes in the legal character of Idris's detention, or if Idris is released on supervision or removed. If Idris is moved from the El Valle Detention Center in Raymondville, Texas, Respondent shall notify the Court of Idris's new location and the expected duration of the new housing assignment.

The Court notes that "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Padilla*, 542 U.S. at 441.

Reply briefing schedules will be considered upon receipt of Respondent's Brief and the Petitioner's A-file.

Signed on August 8, 2025.

Karen Betancourt
United States Magistrate Judge